McClain *v.* State.

Opinion delivered January 16, 1922.

1. DRUNKENNESS—ON PUBLIC HIGHWAY—EVIDENCE.—In a prosecution for being drunk on a public highway in a certain county, it was admissible to prove that defendant, while intoxicated, was seen driving an automobile on the highway near the county line, and that he was apparently going toward the county seat, where he resided, and where he occupied an official position.

2. DRUNKENNESS—INSTRUCTION AS TO VENUE.—An instruction in a prosecution for being drunk on a public highway that it was necessary to prove the commission of the offense "at the time and place mentioned in the indictment" was not objectionable for failure to state that it devolved on the State to prove that the offense was committed in the county of the venue.

Appeal from Lincoln Circuit Court; *W. B. Sorrels,* Judge; affirmed.

*A. J. Johnson* and *Rowell & Alexander,* for appellant.

The court erred in refusing to exclude the testimony of Mr. Vick and Mr. Reed relative to matters that happened in Jefferson County. The instruction approved in the case of *Simmons* v. *State,* 149 Ark. 348, although the same as the instruction in this case, is not controlling here, because in that case there was no testimony of anything which happened outside of the county in which the defendant was indicted. The court erred in its instruction in not limiting the offense to Lincoln county. *Murry* v. *State,* 150 Ark. 461.

*J. S. Utley,* Attorney General, *Elbert Godwin* and *W. T. Hammock,* Assistants, for appellee.

The testimony of Mr. Vick was admissible for the purpose of showing the habits of defendant in getting drunk. 136 Ark. 372. The testimony of both Mr. Vick and Mr. Reed was properly submitted to the jury. 133 Ark. 599. The instruction complained of was proper. 149 Ark. 348.

McCULLOCH, C. J. Appellant was indicted and tried in the circuit court of Lincoln County for the statutory offense of drunkenness "at any public gathering of any kind, or upon any public highway, street, park or thoroughfare, or on any train in this State." Crawford & Moses' Digest, § 2626.

There was evidence tending to establish the charge, but it is contended that the court erred in the admission of certain testimony.

Two of the witnesses, Vick and Reed, testified that they met appellant one night between 7 and 8 o'clock in an automobile which had halted on the roadside; that they had a conversation with appellant, and he appeared to be intoxicated. The witnesses stated that this occurred near the boundary line between Lincoln and Jefferson counties and was on the Jefferson County side of the line, but that appellant's car was headed in the direction of Star City in Lincoln County. Appellant moved to exclude this testimony on the ground that it did not tend to show the commission of the alleged offense in Lincoln County.

The venue may be proved in a criminal case by circumstances as well as by direct testimony on the subject. *Spivey* v. *State,* 133 Ark. 314. The testimony of these witnesses shows that appellant was on a public highway near the county line—so close to the line that they were not entirely certain which side he was on, but thought that he was on the Jefferson County side—and that his car was headed in the direction of Star City in Lincoln County. It was night, and it was reasonable to infer that appellant would immediately cross the line into Lincoln County, where he resided and where he occupied an official position, and that he was intoxicated when he traveled along the road in that county. In overruling appellant's motion to exclude this testimony, the court said, in the presence of the jury, that "of course the State must prove beyond a reasonable doubt that he (appellant) was drunk in Lincoln County."

The court gave an instruction in which it was stated that it devolved on the State to prove that the offense was committed "at the time and place mentioned in the indictment," and appellant's counsel objected to this instruction on the ground that the instruction failed to state that it was necessary for the State to prove that the offense was committed in Lincoln County, as alleged in the indictment. It was charged in the indictment that the offense was committed in Lincoln County, and that the court told the jury that it was necessary for the State to prove the commission of the offense "at the time and place mentioned in the indictment." The court also stated in the presence of the jury at the time appellant's objection was overruled that the State must prove that appellant was drunk in Lincoln County. It is not conceivable that the jury could have been misled by the failure of the court to state specifically in its final instruction to the jury that the State must prove that the offense was committed in   that county.

These are the only assignments of error argued in the brief, and, since we conclude that these assignments are not well founded, it follows that the judgment must be affirmed, and it is so ordered.